| | |
|---|---|
| HONORABLE RONALD B. LEIGHTON | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY MARK ENSLOW,

        Plaintiff,

v.

STATE OF WASHINGTON,

        Defendant.

CASE NO. C17-5031RBL

ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

THIS MATTER is before the Court on Plaintiff Enslow's Motion for Leave to Proceed *in forma pauperis*, supported by his proposed complaint and a slightly revised proposed amended complaint. Enslow's prior case arising out of the same set of facts was dismissed without prejudice for failure to state a claim. *See Enslow v Washington*, No. 16-CV-05497-RBL-DWC.

Enslow claims that he was arrested in Portland for arson, attempted murder and reckless endangerment, and jailed there and in Thurston County for six months before trial. He claims was acquitted on all charges but he does not provide a case name or number. Enslow claims that state and local officials violated all twenty seven of his constitutional rights. He seeks to sue Oregon, Washington, the Thurston County prosecutor, the Thurston County jail, Washington's attorney general, and perhaps others. He seeks $100,000,000 in compensation.

1    A district court may permit indigent litigants to proceed *in forma pauperis* upon
2    completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad
3    discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil
4    actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th
5    Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed
6    *in forma pauperis* at the outset if it appears from the face of the proposed [pleading] that the
7    action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369
8    (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis*
9    complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v.
10   Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.
11   1984).

12   A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it
13   must nevertheless contain factual assertions sufficient to support a facially plausible claim for
14   relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell
15   Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A
16   claim for relief is facially plausible when "the plaintiff pleads factual content that allows the
17   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
18   *Iqbal*, 556 U.S. at 678.

19   Enslow's proposed complaint is insufficient as measured against this standard. The bare
20   factual claim that he was arrested, jailed, and acquitted does not articulate a plausible claim that
21   any of his rights were violated by any of the named defendants. The prosecutor is facially
22   entitled to immunity form this sort of claim, *see Imbler v. Pachtman,* 424 U.S. 409, 430 (1976),
23   and the state(s) likely are, as well. Enslow has not identified the individual defendants he claims
24

violated which of his rights, how, or when. His application to proceed in forma pauperis is DENIED. He shall pay the filing fee or file a proposed amended complaint within 21 days of this ORDER or the claim will be dismissed.

Any proposed amended complaint should identify the specific individuals or agencies that he claims violated his rights, and how they did so. It is not enough to claim, as Enslow does, that "everyone" violated "all of my rights." The complaint should instead identify the "who what when where and why" behind his claims— Who falsely accused him? Why? What right did they violate? An acquittal alone is not enough to plausibly claim that a defendant's rights were violated when he was arrested, charged, jailed, or tried.

IT IS SO ORDERED.

Dated this 26th day of April, 2017.

Ronald B. Leighton
United States District Judge