UNITED STATES DISTRICT COURT17
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY MARK ENSLOW,

Plaintiff,

v.

STATE OF WASHINGTON,

Defendant.

CASE NO. C17-5031RBL

ORDER

[Dkt. #s 8, 9 10]

THIS MATTER is before the Court on Plaintiff Enslow's Motion for Leave to Appeal *in forma pauperis* [Dkt. # 8], his proposed amended complaint [Dkt. #9] and his "motion to petition second half of complaint." The Court previously ordered Enslow to pay the filing fee or file an amended complaint, so his request for permission to do so is GRANTED. The Court will treat Dkt. #s 9 and 10 as a proposed amended complaint. This Court articulated the in foram pauperis standard, and the problems with Enslow's first filing, in its prior Order:

> A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed [pleading] that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821

F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Enslow's proposed complaint is insufficient as measured against this standard. The bare factual claim that he was arrested, jailed, and acquitted does not articulate a plausible claim that any of his rights were violated by any of the named defendants. The prosecutor is facially entitled to immunity from this sort of claim, *see Imbler v. Pachtman,* 424 U.S. 409, 430 (1976), and the state(s) likely are, as well. Enslow has not identified the individual defendants he claims violated which of his rights, how, or when. His application to proceed in forma pauperis is DENIED. He shall pay the filing fee or file a proposed amended complaint within 21 days of this ORDER or the claim will be dismissed.

[See Dkt. #7]

Enslow's proposed amended complaint does not remedy the defects in his first effort. He has not articulated a claim against a particular officer or defendant, or explained the "who what when where how and why" of what happened or, or how it amounts to a cognizable, plausible claim. He has instead filed exhibits from an unexplained state court action, which may be evidence someday, but they are not a complaint that can start a lawsuit or trigger a defendants' obligation to answer. The Court and the defendants would be left guessing what Enslow is complaining about, who he thinks did something wrong, why, and what he wants as the result.

The Motion for leave to proceed *in forma pauperis* is DENIED. Plaintiff will again have 21 days to file a complaint addressing these deficiencies—identifying people (by name, title, and role in the underlying factual story), dates (preferably in chronological order), the claims and the wrongs he claims to have suffered, and why this is the proper court to address them—or the

matter will be dismissed. Enslow does not have to include exhibits or other proof of his claims, but he does have to articulate a plausible claim. The Court has articulated the standard above, in its prior order. If he does not do so, this matter will be dismissed.

For the reasons stated previously the Court will not grant Enslow *in forma pauperis* status to appeal the Court's prior Order, or this one, if he intends to appeal rather than file an amended complaint addressing these continuing deficiencies. The Motions are DENIED.

IT IS SO ORDERED.

Dated this 31st day of May, 2017.

*[signature]*

Ronald B. Leighton
United States District Judge