HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY MARK ENSLOW,

Plaintiff,

v.

STATE OF WASHINGTON, et al.,

Defendant.

CASE NO. C17-5031 RBL

ORDER DENYING IFP APPLICATION

THIS MATTER is before the Court on Plaintiff Enslow's Motion for leave to proceed *in forma pauperis,* supported by a proposed amended complaint [Dkt. #13]. Enslow has filed at least five proposed complaints or amended complaints seeking *in forma pauperis* status. This Court has denied his efforts on two prior occasions [Dkt. #s 4 and 11], because he failed to state a plausible claim, his §1983 claim failed to identify any state actors, and he failed to articulate any factual basis for his claim.

Enslow has since filed another proposed amended complaint [Dkt. #12] and filed another Motion for leave to proceed *in forma pauperis* [Dkt. #13], apparently in an effort to remedy the deficiencies in his prior attempts.

ORDER DENYING IFP APPLICATION - 1

Enslow was arrested and detained between February 3, 2015, and June 11, 2015, for arson, attempted murder, and reckless endangerment. He claims he was falsely arrested by the Thurston County Sherriff Department. He argues that it would have been clear to the officers involved (but not specifically named in this suit) that he was innocent if they had performed a thorough pre-arrest investigation. Enslow does not describe *how* the investigation was deficient, he just states that it was. He claims he was acquitted on all charges but he does not provide a case name or number. During his detainment, Enslow alleges his house was robbed, car stolen, reputation lost, and schizophrenia worsened. He seeks to sue the State of Washington and the Thurston Sheriff Department for $3,000,000 in compensation for pain and suffering and false arrest.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is liberally construed, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In denying Enslow's first IFP application, this Court articulated the problems with Enslow's claim:

> Enslow's proposed complaint is insufficient as measured against this standard. The bare factual claim that he was arrested, jailed, and acquitted does not articulate a plausible claim that any of his rights were violated by any of the named defendants. The prosecutor is facially entitled to immunity from this sort of claim, *see Imbler v. Pachtman,* 424 U.S. 409, 430 (1976), and the state(s) likely are, as well. Enslow has not identified the individual defendants he claims violated which of his rights, how, or when. His application to proceed in forma pauperis is DENIED. He shall pay the filing fee or file a proposed amended complaint within 21 days of this ORDER or the claim will be dismissed.

Enslow has narrowed his complaint from twenty-seven constitutional deprivations to two: false arrest and pain and suffering. To make a valid claim for false arrest Enslow "must plead facts that would show [defendant(s)] ordered or otherwise procured the arrest and the arrests were without probable cause." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the officers at the scene), a prudent person would believe the suspect had committed a crime," *March v. Twin Cities Police Auth.*, C 12100512 WI, 2014 WL 3725931, at *4 (N. D. Cal. July 25, 2014).

Enslow's complaint is insufficient. He merely provides a broad statement concerning the sufficiency of the "pre-arrest investigation," as causing him to be falsely arrested and detained for five months. Without further specificity Enslow leaves the Court and Defendants guessing

what specific conduct Enslow claims deprived him of his rights, specifically the "who, what, when, where, and why" supporting his complaint.

Enslow's Motion to proceed *in forma pauperis* [Dkt. #13] is DENIED. Because it remains possible that Enslow could amend his complaint to address these problems, the Court will Grant him 21 days to do so—identifying people (by name, title, and role in the underlying factual story), dates (preferably chronological order), the claims and the wrongs he claims to have suffered, and why this is the proper court to address them. The Court has articulated this standard above in two prior orders. If he does not amend his complaint in accordance with this standard, this matter will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 31st day of August, 2017.

Ronald B. Leighton
United States District Judge